# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHIMM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3032 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination case is Defendant Spring Branch Independent School District's ("SBISD") Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. # 12] ("Motion").  Plaintiff Joseph Chhim[1] ("Chhim") filed a response [Doc. # 21], and SBISD replied [Doc. # 22].  Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that SBISD's Motion to Dismiss should be **granted.**

## I.     FACTUAL BACKGROUND

Plaintiff Joseph Chhim brings this action pursuant to Title VII of the Civil Rights Act of 1964 alleging that Defendant Spring Branch Independent School District engaged in unlawful employment discrimination when it failed to hire him for

---

[1]      Chhim filed the instant suit, and the operative complaint, as a *pro se* litigant, but obtained counsel prior to responding to SBISD's Motion to Dismiss.

the position of Custodial Supervisor.  Specifically, Chhim, who is fluent in English, alleges that SBISD did not hire him because he is not also fluent in Spanish, a qualification which Chhim alleges was a requirement for the job.[2]  SBISD denies that bilingual ability was a requirement for the job.   The job description, however, recites in relevant part, "Ability to speak, read, write, and translate fluently in Spanish and English highly desirable."[3]

Chhim submitted his application for the position at a SBISD job fair on January 20, 2009.  At the job fair, Chhim spoke to SBISD representative Ray Cardenas, a Custodial Supervisor.   Chhim alleges that when he first approached the custodial table, Cardenas spoke to him in Spanish in order to test Chhim's ability to communicate in that language.[4]  Chhim states that when he told Cardenas that he does not speak Spanish, Cardenas asked what language he did speak and inquired of Chhim where he was from originally.[5]  Chhim states that he told Cardenas he is from Cambodia, and that he did not think that the position of Custodial Supervisor should

---

[2]     *E.g*., Plaintiff's Amended Original Complaint [Doc. # 9] ("Complaint"), at ¶ 6.

[3]     Job Description, Exh. C to Complaint.

[4]     Complaint, at ¶ 7.

[5]     *Id.* ¶ 7(a).

have fluency in Spanish as a requirement or preference.[6]  Cardenas responded, Chhim

alleges, by telling Chhim that he should instead apply for the position of Custodian,

because the Custodial Supervisor position has too many requirements.[7]

Following the job fair, on February 10, 2009, Chhim called SBISD to check on

the status of his application.[8]   Chhim was informed by Maria Sanchez, an

Administrative Assistant in the Custodial Support Services Department at SBISD, that

she had called him about an interview on February 6, 2009, and left a message.[9]

Chhim states that this is impossible because he does not have an answering machine.[10]

Sanchez informed Chhim that the interviews had already taken place.[11]  Subsequently,

---

[6]       *Id.*

[7]       *Id.*  Cardenas confirms that he spoke with Chhim at the job fair, but denies that he
         spoke to him in Spanish, that he asked Chhim any questions about his national origin,
         or that he told Chhim that he was not qualified for the position of Custodial
         Supervisor.  Declaration of Ray Cardenas, Exh G to Complaint, at ¶ 3.  Two other
         SBISD employees who were present at the job fair during Chhim's conversation with
         Cardenas also deny that Cardenas spoke to Chhim in Spanish or asked him about his
         national origin.  *See* Declaration of Miriam Marmanillo, Exh. H1 to Complaint, at ¶ 5;
         Declaration of Jesse Chatman, Exh. H2 to Complaint, at ¶ 3.

[8]       *See* Complaint, at ¶ 7(c); Charge of Discrimination Form, Exh. A to Complaint;
         Declaration of Maria Sanchez, Exh. E to Complaint, at ¶ 8.

[9]       *See* Complaint, at ¶ 7(c); Charge of Discrimination Form, Exh. A to Complaint;
         Declaration of Maria Sanchez, Exh. E to Complaint, at ¶¶ 1, 8.

[10]      *See* Complaint, at ¶ 7(c); Charge of Discrimination Form, Exh. A to Complaint.

[11]      *See* Complaint, at ¶ 7(c); Charge of Discrimination Form, Exh. A to Complaint;
         Declaration of Maria Sanchez, Exh. E to Complaint, at ¶ 8.

Chhim spoke to Wanda Paul, Director of Custodial and Support Services for SBISD, who informed him that the position had been filled.[12]  The position was filled through the promotion of Raisa Martinez, a Hispanic female, who was employed at the time as a Custodial Foreman for SBISD.[13]  Martinez is fluent in both English and Spanish.[14]

Chhim argues that SBISD's failure to hire him was based on his lack of bilingual ability in Spanish and English, and that this constitutes unlawful discrimination based on race and national origin.  Defendant SBISD moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.   <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).  In considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge

---

[12]   Complaint, at ¶ 7(c); Charge of Discrimination Form, Exh. A to Complaint; Declaration of Wanda Paul, Exh. D to Complaint, at ¶ 7.

[13]   Complaint, at ¶ 7(c); Declaration of Wanda Paul, Exh. D to Complaint, at ¶ 11.

[14]   Complaint at ¶ 7(c); SBISD Letter to Equal Employment Opportunity Commission, Exh. I to Complaint.

must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted))).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 120 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Legal conclusions "are not entitled to the assumption of truth."  *Id.* at 1950.  Legal conclusions "can provide the framework of a complaint," but they must be supported by factual allegations.  *Id.*[15]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570), 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").[16]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[15]    "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.*

[16]    "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  It is insufficient to plead facts that are "merely consistent with" a defendant's liability.  *See id* (quoting *Twombly*, 550 U.S. at 557).

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  The determination of "whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. RULE CIV. PROC. 8(a)(2)).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

## III.   <u>ANALYSIS</u>

It is a violation of Title VII "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Taking all the factual allegations in his complaint as true, Chhim has

failed to state a claim for national origin or race discrimination.  Non-bilingual individuals are not a protected class under Title VII.  Moreover,  a preference, or even requirement,  that employees have bilingual ability does not give rise to a discrimination claim based on national origin or race.  Such an employment policy applies equally to all applicants.  Neither national origin nor race impacts an individual's ability to learn a second language.

Other federal courts faced with this issue have reached the same result.  *See Church v. Kare Distribution, Inc.*, 2005 WL 2675064, at *2-3 (S.D. Tex. Oct. 20, 2005) (recognizing that language is not a protected category and dismissing under Rule 12(b)(6) the Title VII national-origin and race claims of an employee terminated under a bilingual employment policy), *aff'd* 211 Fed. Appx. 281 (5th Cir. 2006); *Belian v. Texas A&M Univ. Corpus Christi*, 987 F.Supp. 517, 523 (S.D. Tex.  1997) ("[A] preference for a person with bilingual ability is not direct evidence of discrimination on the basis of national origin."); *Richardson v. CenterCare, Inc.*, 2004 WL 2196784, at *2 (S.D.N.Y.  Sep. 30, 2004) (a preference for hiring bilingual employees does not give rise to a constitutional or statutory discrimination claim); *Carino v. University of Oklahoma*, 1981 WL 211, at *6 (W.D. Okla. May 7, 1981) ("Courts have found that the Title VII prohibition of discrimination on the basis of national origin does not include discrimination on the basis of bilingual ability.");

*Sanchez v. Southern Pacific Transp. Co.*, 1980 WL 178, at *8 (S.D. Tex. May 20, 1980) ("[Employer's] desire to utilize bilingual persons as their liaison with Mexico does not imply discrimination on the basis of national origin."); *see also Garcia v. Gloor*, 618 F.2d 264, 270 (5th Cir. 1980) ("The EEO Act does not support an interpretation that equates the language an employee prefers to use with his national origin."). In sum, an employer's preference for employees who are bilingual is not a violation of Title VII.

## VI.   CONCLUSION

Taken as true, Chhim's allegations establish, at most, that Chhim's lack of bilingual ability played some part in SBISD's decision not to hire him. As detailed above, this theory is legally insufficient to state a claim for unlawful discrimination based on race or national origin.[17] It is therefore

**ORDERED** that SBISD's Motion to Dismiss for Failure to State a Claim [Doc. # 12] is hereby **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

---

[17]   Chhim's Original Employment Discrimination Complaint also names "Marzorie Duffey [sic], Associate Superintendent Administrative and Personnel," as a defendant. *See* Employment Discrimination Complaint [Doc. # 1], at 1. However, Chhim makes no reference to Duffie in his Amended Original Complaint. *See* Complaint. In fact, aside from naming her as a defendant on page one of his Employment Discrimination Complaint, Chhim makes no reference to Duffie in any of his pleadings or briefing in this case. In any event, "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)). To the extent that Chhim maintains a claim against Duffie, that claim is dismissed pursuant to Rule 12(b)(6).

SIGNED at Houston, Texas, this 18th day of **December, 2009**.

Nancy F. Atlas
United States District Judge