UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3032 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Joseph Chhim's Motion for Reconsideration of the Court's Order Dismissing the Plaintiff's Case [Doc. # 26] ("Motion"). Defendant Spring Branch Independent School District ("SBISD") filed a Response [Doc. # 27]. Based on a review of the parties' briefing, matters of record, and the relevant legal authority, the Court **denies** the Motion.

## I. BACKGROUND

Plaintiff Joseph Chhim brought suit under Title VII of the Civil Rights Act of 1964 alleging that Defendant Spring Branch Independent School District engaged in unlawful employment discrimination based on race and national origin[1] when it failed to hire him for the position of Custodial Supervisor. Specifically, Chhim, a who is

---

[1] Chhim is originally from Cambodia. *See* Plaintiff's Amended Original Complaint [Doc. # 9] ("Complaint"), ¶ 7a.

fluent in English, alleges that SBISD did not hire him because he is not also fluent in Spanish, a qualification which Chhim alleges was a requirement for the job.[2] SBISD filed a motion to dismiss [Doc. # 12] pursuant to Rule 12(b)(6) for failure to state a claim. Holding that an employer's preference for bilingual employees does not give rise to a violation of Title VII, the Court entered an order granting SBISD's motion to dismiss on December 18, 2009. *See* Memorandum and Order [Doc. # 25] ("Order"). Chhim filed the instant Motion for Reconsideration ten days later on December 28, 2009.

## II.   LEGAL STANDARD

A motion for reconsideration filed within twenty eight days of the judgment or order of which the party complains is considered a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *E.g.*, *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004). "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re*

---

[2]   *E.g.*, Complaint, ¶ 6. The relevant job description recites, in pertinent part: "Ability to speak, read, write, and translate fluently in Spanish and English highly desirable." Job Description, Exh. C to Complaint.

*TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III. ANALYSIS

Chhim's Motion to Reconsider does not purport to raise any new evidence in support of his claim and does not establish a manifest error of law. Instead, the Motion merely rehashes arguments and legal theories already presented to the Court in briefing on SBISD's motion to dismiss.[3] A "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005).

In any event, Chhim's claims in this employment discrimination action remain legally insufficient under Rule 12(b)(6). In his Motion, Chhim continues to argue that SBISD's preference for candidates fluent in English and Spanish discriminated against

---

[3]  In fact, large sections of Chhim's Motion to Reconsider appear to be cut and pasted from his Response to SBISD's Rule 12(b)(6) Motion to Dismiss [Doc. # 21].

him on the basis of race and national origin.  He argues that language was used as a "guise to eliminate him," and the SBISD's bilingual employment policy is "preferential toward Hispanic speaking applicants."[4]  However, as set forth in the Court's Order, non-bilingual individuals are not a protected class under Title VII, and an employer's preference for bilingual employees does not give rise to a discrimination claim based on race or national origin.  *See, e.g.*, *Church v. Kare Distribution, Inc.*, 2005 WL 2675064, at *2-3 (S.D. Tex. Oct. 20, 2005) (recognizing that language is not a protected category and dismissing under Rule 12(b)(6) the Title VII national-origin and race claims of an employee terminated under a bilingual employment policy), *aff'd*, 211 Fed. Appx. 281 (5th Cir. 2006); *see also Garcia v. Gloor*, 618 F.2d 264, 270 (5th Cir. 1980) ("The EEO Act does not support an interpretation that equates the language an employee prefers to use with his national origin.").

Simply put, dismissal for failure to state a claim is appropriate here because Chhim has not alleged any facts that would allow him to establish a *prima facie* case of employment discrimination.  The job description for Custodial Supervisor contained the following qualification: "Ability to speak, read, write, and translate

---

[4] Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Case [Doc. # 26], at 4.

fluently in Spanish and English highly desirable."[5]  Chhim does not deny that this was a qualification for the job.  In fact, he argues that it was not just a preference, but in practice, was applied as a requirement.[6]  Nor does Chhim deny that he lacks the ability to speak, read, write and translate fluently in Spanish.  On the contrary, that he was not hired for this reason forms the very basis of his discrimination claim.  Accordingly, Chhim cannot make out a *prima facie* case of employment discrimination because he was not qualified for the position he sought.  *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir.1994) (in an employment discrimination claim for failure to hire, a plaintiff must show that he was qualified for the position he sought).

## IV.   CONCLUSION

In sum, taking all the factual allegations in his complaint as true, Chhim has failed to state a claim for national origin or race discrimination.  It is therefore

**ORDERED** that Plaintiff Joseph Chhim's Motion for Reconsideration of the Court's Order Dismissing the Plaintiff's Case [Doc. # 26] is hereby **DENIED.**

---

[5]   Job Description, Exh. C to Complaint.  That the job description contained this qualification is undisputed.  Indeed, it was Chhim himself who entered the job description into evidence by attaching it to his Original Complaint.  *Id.*

[6]   *See, e.g.*, Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Case [Doc. # 26], at 3.

SIGNED at Houston, Texas, this 2nd day of **February, 2010.**

_____
Nancy F. Atlas
United States District Judge